

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 28, 1952.

Hon. Paul H. Brown
Fire Insurance Commissioner
Board of Insurance Commissioners
815 Brazos
Austin, Texas          Opinion No. V-1425

                       Re: Number of persons for whom
                           travel expense funds have
                           been appropriated to attend
                           out-of-State meetings of
                           the National Association of
Dear Sir:                  Insurance Commissioners.

        You have requested the opinion of this of-
fice on the question of the legality of paying the
expenses of more than three persons from current ap-
propriations to the Insurance Department incurred
while attending out-of-State meetings of the National
Association of Insurance Commissioners.

        The Insurance Department has several travel
expense appropriations (H.B. 426, Acts 52nd Leg., R.S.
1951, ch. 499, p. 1228, at p. 1360 et seq.). The prob-
lem for decision when personnel of the Insurance De-
partment are traveling out of the State is the applicabil-
ity of the following general limitation on out-of-State
travel:

        "d.  No traveling expenses shall be
    incurred by any employee of any of the
    departments, or other agencies of the gov-
    ernment, outside of the boundaries of the
    State of Texas, except for State business
    and no such expenses shall be paid from
    State appropriations or out of any local
    or auxiliary funds by the State Comptrol-
    ler to an employee of any agency of the
    government until and unless a written
    statement, signed by the Attorney General,
    advising that the purpose of the proposed
    trip in his opinion, is for said State
    business purposes; . . .  In no event
    shall more than three (3) persons from any

> one (1) department be approved for
> travel to any one (1) convention or
> meeting of a similar nature." Sec.
> 12(d), Art. III, H.B. 426, supra, at
> p. 1436. (Emphasis added.)

You state that the objects of the Association, and of their meetings, are:

> ". . . to promote uniformity in
> legislation affecting insurance; to
> encourage uniformity in departmental
> rulings under the insurance laws of
> the several states; to disseminate in-
> formation of value to insurance super-
> visory officials in the performance of
> their duties and to establish ways and
> means of fully protecting the inter-
> ests of insurance policyholders of the
> various states, territories and insular
> possessions of the United States."

We assume, of course, that the proposed attendance of meetings of the National Association of Insurance Commissioners is in furtherance of State business. Therefore, the problem is limited to whether this is a "convention or meeting of a similar nature." If it is, the Legislature has appropriated travel expense money for only three persons. Att'y Gen. Op. V-1376 (1951).

The meetings you propose to attend are not "conventions" under the decisions of this office. It has been repeatedly held that the word "convention" as used by the Legislature in like appropriation bill limitation provisions refers to "a meeting of members or delegates of a private organization, party, club, society, or the like, for the accomplishment of some common object." Att'y Gen. Ops. O-1737 (1939) and O-2664 (1940). Following the above decisions of this office holding "meetings called by agencies of government for the purpose of accomplishing the functions of government imposed upon them"[1] not to be "conventions," attendance of a meeting of the National Association of Insurance Commissioners is not attendance of a "convention."

---

[1] Opinion O-1737 (1939)

Thus, the question is narrowed to a determination of whether the meeting in question is a "meeting of a similar nature."

These words standing alone are not free from ambiguity, but it is obvious that the Legislature intended the words "meeting of a similar nature" to enlarge the restriction which would have been imposed if only the single word "convention" had been used. It seems apparent that the Legislature sought expressly to embrace at least those meetings which might themselves have been considered to be "conventions" were it not for the prior decisions of this office above cited. In other words, we believe the legislative intent in adding this phrase was to embrace meetings of organizations, whether adjuncts of governmental agencies or not, which are conducted in the form, manner, and method ascribed to "conventions" in common parlance.

Webster's New International Dictionary (2nd Ed. 1938) defines "similar" as follows:

"1. Nearly corresponding; resembling in many respects; somewhat like, having a general likeness."

In 39 Words and Phrases (Perm. Ed.) 302-306, several cases are cited construing the word "similar" appearing in contracts, wills, ordinances, and statutes, the general tenor of which is to accord the commonly accepted meaning to the term as distinguished from the term "identical." These cases point out that unless the context indicates a more restricted meaning of the word "similar," the generally accepted meaning as commonly used is the one that should be adopted.

The context here requires, as has been pointed out above, that "conventions" and "meetings of a similar nature" be held not to be identical. Therefore, we are of the opinion that this added phrase was intended at least to cover formal meetings of organized groups that meet only for discussion, exchange of ideas, and dissemination of information. We cannot attempt to lay down a categorical definition as to what are "meetings of a similar nature," since we cannot foresee every character of gathering which may be brought into question and we cannot know what fact situation may be presented in the future. We are of the opinion, however, that meetings

of the National Association of Insurance Commissioners are within the restriction, and travel expenses are appropriated for the travel of a maximum of three persons from the Insurance Department to any one of such meetings.

## SUMMARY

Meetings of the National Association of Insurance Commissioners are not conventions within the restrictions limiting out-of-State travel expense appropriations to three persons from one department to a "convention or meeting of a similar nature" (Sec. 12(d), Art. III, H.B. 426, Acts 52nd Leg., R.S. 1951, ch. 499, p. 1228, at p. 1436), but they are "meetings of a similar nature"; and there is a travel expense appropriation for a maximum of three persons from the Insurance Department to any of such meetings.

APPROVED:

C. K. Richards
Trial & Appellate Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

EWT:wb

Yours very truly,

PRICE DANIEL
Attorney General

By E. Wayne Thode
E. Wayne Thode
Assistant